FILED
04/20/2017
Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2017

**STATE OF TENNESSEE v. TEENA MARIE BRIGHT**

**Appeal from the Circuit Court for Franklin County**
**No. 15-CR-187      J. Curtis Smith, Judge**

_____

**No. M2016-01873-CCA-R3-CD**

_____

The Defendant, Teena Marie Bright, pleaded guilty to possession of .5 gram or more of a methamphetamine with intent to manufacture, sell, or deliver. Pursuant to the plea agreement, the trial court sentenced the Defendant to eight years as a Range I, standard offender. The sentence was suspended to supervised probation after 158 days in confinement. A violation of probation warrant was subsequently issued, and, after a hearing, the trial court revoked the Defendant's probation and ordered service of the balance of the sentence in confinement. The Defendant appeals the trial court's order that she serve her sentence in confinement. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Roger D. Layne, Winchester, Tennessee, for the appellant, Teena Marie Bright.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; J. Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background**

On September 24, 2015, the Defendant pleaded guilty to possession of .5 gram or more of a methamphetamine with intent to manufacture, sell, or deliver. The trial court sentenced the Defendant to serve eight years as a Range I standard offender, suspended to supervised probation after 158 days in confinement. The judgment included as conditions of probation that the Defendant be supervised by the Community Corrections program and participate in drug court. A copy of the "Drug Court Program Participant

Waiver and Agreement and Order" is included in the record. The Defendant had initialed each provision and signed the document on the final page indicating her acknowledgement of the requirements of the Drug Court Program.

A probation violation warrant was filed on June 28, 2016, based upon the June 23, 2016 order terminating the Defendant from drug court. The order terminating the Defendant from drug court identified the Defendant's failure to follow instructions and "curfew violations" as the violations resulting in her discharge. On December 9, 2015, the trial court held a probation revocation hearing.

Ron Bailey, the Drug Court Director, testified at the hearing that the Defendant was admitted to the Drug Court Program and then went to residential rehabilitation before entering the Drug Court Program with intensive outpatient and "other entities." Mr. Bailey stated that "after a short period of time" it became apparent that the Defendant had difficulty following instructions and complying with the Court's directions. Mr. Bailey explained that if it were not for the Drug Court Program, the Defendant would be in the Tennessee Department of Correction custody; therefore, it was not only for her benefit to comply with program requirements but also for the benefit of the community.

Mr. Bailey testified that on March 31, 2016, the Defendant was twenty minutes late to an appointment at Centerstone. On April 1, 2016, the Defendant "called in for curfew" at 8:55 p.m. but was observed by her case manager at Wal-Mart some distance from her residence at 8:54 p.m. The Defendant was sanctioned for this violation on April 21, 2016, and admitted that she lied and violated her curfew. The Defendant was sanctioned a second time on June 2, 2016, for driving without a license, a curfew violation, and for lying. Based upon these instances, the Defendant was placed "on-the-clock," where the Defendant was required to perform specific duties for each day to show that she was serious about compliance. The Defendant failed to meet her responsibilities with these newly imposed daily duties and ultimately was terminated from the program.

Mr. Bailey testified that he was aware of alternative treatment programs that might be available to the Defendant; however, he did not believe she would benefit from any of those programs at that time. He further opined that he did not believe the Defendant would comply with the Drug Court Program.

On cross-examination, Mr. Bailey testified that the Defendant initially attended Memphis Recovery Center residential treatment on October 7, 2015. The Defendant completed this program but not "successfully" and was returned to drug court on December 10, 2015. Mr. Bailey stated that he was not aware of any drug tests that the Defendant had failed while in the Drug Court Program. He agreed that the Defendant

was "essentially compliant" from December 10, 2015, through the first violation date of March 31, 2016.

Based upon this evidence the trial court revoked the Defendant's suspended sentence finding that "[t]here's really not anything of substance that's positive about her engagement in drug court" and that "[s]he failed and she failed and lied, and she lied and she will not comply for whatever reason." It is from this judgment that the Defendant appeals.

## II. Analysis

The Defendant asserts that the trial court abused its discretion when it revoked her probation sentence and failed to consider an alternative sentence. The State responds that the trial court acted within its authority and soundly exercised its discretion in revoking the Defendant's probation sentence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. The Defendant, in her brief, argues that because the violations were "only technical" the trial court abused its discretion in revoking her "probation in full." A requirement of the Defendant's probation was participation and compliance with the Drug Court Program. By her own admission, the Defendant failed to comply with the drug court conditions; thus, the evidence supports the trial court's finding of a violation. After the trial court found that the Defendant had violated the terms of her probation it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve her sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of her probation. The Defendant failed to comply with the probation sentence requirement that she participate in the Drug Court Program by being terminated from it. Her termination was based upon lying, her repeated failure to comply with curfew requirements, acquiring a new charge of driving without a license, and failures to report to her case manager as ordered. The record supports the trial court's revocation of the Defendant's probation. Further, the trial court acted within its authority when it ordered the incarceration of the Defendant for the remainder of the original sentence. Mr. Bailey testified that the Defendant was not complying and, in his opinion, would not comply with the drug court requirements, and he could think of no alternative treatment that she was likely to comply with at that time. We conclude that the trial court did not err when it ordered the Defendant to serve the balance of her sentence incarcerated. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE